# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| KEITH AUGUSTUS JOHNSON, ) | |
| ) | |
|     Movant/Defendant, ) | |
| ) | |
| v. ) | 7:06-cv-08039-LSC |
| ) | 7-04-cr-00073-LSC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION

Keith Augustus Johnson initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. (06-0839 at Doc. 1).[1] Upon consideration of the defendant's arguments, the Court finds that the motion is due to be dismissed.

## BACKGROUND

The defendant was charged on February 27, 2004, in a multi-count indictment. He was charged in Count One with possessing marijuana with the intent to distribute the same in violation of 21 U.S.C. § 841(a)(1). (04-0073 at Doc. 1). Count Two charged that he used a firearm during the commission of a drug offense in violation of 18 U.S.C. § 924(c). (*Id*). The defendant was arraigned on the charges on March 18, 2004. Defense counsel was appointed to represent him. (*Id*. at Doc. 3).

Counsel filed various motions on behalf of the defendant, including a motion to suppress any evidence seized as a result of the traffic stop that led to the present charges and any statements made by the defendant as a result of the stop. (*Id*. at Doc. 13). A hearing on the

---

[1] References to "Doc. ___" are to the documents as numbered by the Clerk of the Court in the Court's record in this case. The pleadings from the original criminal case are designated as "04-0073" and the pleadings on the motion to vacate are designated as "06-08039".

motion was conducted before the magistrate judge assigned this matter.  Following the hearing, the magistrate judge entered a "Report and Recommendation" finding that the motion to suppress was due to be denied.  (*Id*. at Doc. 22).  Counsel for the defendant filed objections to the findings and conclusions of the magistrate judge.  (*Id*. at Doc. 30).

The defendant next entered into a plea agreement.  (*Id*. at Doc. 28).  In exchange for his plea of guilty, the United States agreed to recommend that the defendant receive a three-level reduction under the Sentencing Guidelines for acceptance of responsibility.  (*Id.)*.  As a part of the plea agreement, the defendant relinquished his right to appeal his conviction and to file a motion pursuant to 28 U.S.C. § 2255, except that he reserved his right to appeal the determination of the magistrate judge on the motion to suppress if the defendant did not receive a favorable outcome on his objections to the same, which was pending before the Court.  (*Id*. at pp. 1 & 6).

The defendant pled guilty on May 5, 2004.  Prior to the plea, the defendant and his counsel executed a "Guilty Plea Advice of Rights Certification," which detailed the rights he would be waiving by pleading guilty.  (*Id*. at Doc. 27).

The Court adopted the magistrate judge's findings on the motion to suppress and denied the motion.  (*Id*. at Doc. 31 & 32).

The defendant was sentenced on September 30, 2004, to a total term of incarceration of 130 months, followed by 60 month supervised release.  (*Id*. at Doc. 39).  The defendant filed a timely notice of appeal concerning the suppression motion.  (*Id*. at Doc. 40).

On June 16, 2005, the Eleventh Circuit Court of Appeals issued a lengthy unpublished opinion affirming the determination on the motion to suppress and, thereby, the conviction and

sentence of the defendant. (*Id*. at Doc. 50). A mandate was issued on July 18, 2005. (*Id*.).

The defendant filed the present motion on August 21, 2006. (*Id*. at Doc. 51 and 06-8039 at Doc. 1). In support of his claim for relief, the defendant asserts that (1) his conviction is a consequence of the use of evidence obtained pursuant to an unlawful arrest, (2) his conviction is a result of the use of evidence "obtained by the fruits of the poisoness [sic] tree subsequent to the illegal seizure," and (3) the court was without jurisdiction "in lieu of the Fourth Amendment violations" to accept his plea and sentence him. (*Id*. at p. 5). The magistrate judge assigned this matter required the United States to file a response to show cause why the requested relief should not be granted. (06-8039 at Doc. 2). The United States responded that the motion was due to be dismissed because the defendant knowingly, intelligently, and voluntarily waived his right to file a motion pursuant to § 2255. (*Id*. at Doc. 5). The defendant filed a "Traverse" asserting that the motion of the United States to dismiss his § 2255 petition should be denied. (*Id*. at Doc. 7).

## DISCUSSION

The defendant agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered his guilty plea in this case. That waiver is evidenced by the plea agreement. (04-0073 at Doc. 28 at p. 6). Additionally, he acknowledged that waiver during his guilty plea hearing. Specifically, the record is as follows:

> THE COURT: On page 6 [of the plea agreement], under the heading "Waiver of Right to Appeal," did you understand that by signing that document at that particular point, you were giving up your right to appeal this case and file a petition or a motion pursuant to 28 U.S.C. section 2255, except that you were reserving your right to file an appeal challenging the ruling on your pretrial motion to suppress that you filed on March 29, 2004, the specific adverse ruling, the ruling that was against you on that particular motion, and nothing else. You are going to have the ability to appeal. Do you understand that? Is that what you understood when you signed that document at that place [?]

  THE DEFENDANT: Yeah, that – I could file an appeal.

  THE COURT:  Of that particular issue only, the challenge of the motion to suppress.  That's the only thing you will be able to appeal if we go through with this.  Do you understand that?

  THE DEFENDANT:  Yeah, He – yeah.

  THE COURT:  Is that what you meant when you signed it here?

  THE DEFENDANT: Yeah, well, can I explain my understanding?

  THE COURT: Sure; Yes, sir.

  THE DEFENDANT: I mean my attorney.

  THE COURT: You need to talk to your lawyer?

  THE DEFENDANT:  No.  He went over it with me and I thought that I can maybe appeal the whole thing when he said it's an appeal, I reserved the right to an appeal.

  THE COURT: No, sir.  The only thing you are reserving the right to appeal is just the motion to suppress, you had a hearing on it the other day.

  THE DEFENDANT: Yeah, I remember that.

  THE COURT: And there was a ruling made against you.

  THE DEFENDANT:  Yeah.

  THE COURT: Okay.  And that ruling is what you are reserving the right to appeal, not anything else.  You can't appeal the guilty plea or the sentence that I give or anything like that.

  Now, you need to talk to your lawyer because if you didn't mean that, I need to know it now.  Talk to your lawyer just a minute.

        (Brief Pause)

  THE COURT: All right, sir.

  THE DEFENDANT:  Yes, sir.

>THE COURT: Yes what?
>
>THE DEFENDANT: I understand.
>
>THE COURT: All right. So you understand if we go through with this, the only thing you will be able to appeal –
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you understand that?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Is that what you meant when you signed the document?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Okay. . . .

(*Id*. at Doc. 36 at pp. 18-20). The defendant, who was under oath, indicated that he understood the plea agreement and the waiver provisions. (*Id*. at p. 20).

At sentencing, the Court discussed with the defendant his right to appeal. The Court also informed him that if he believed that the waiver provision of the agreement was unenforceable, he could challenge that on appeal as well. (*Id*. at Doc. 45 at p. 8).

The Eleventh Circuit Court of Appeals has held that an appeal waiver provision in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *See United States v. Weaver,* 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961, 122 S. Ct. 2666, 153 L. Ed. 2d 840 (2002); *United States v. Pease,* 240 F.3d 938, 942 (11th Cir.), *cert. denied*, 534 U.S. 967, 122 S. Ct. 381, 151 L. Ed. 2d 290 (2001). *See also Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005) (a valid sentence-appeal waiver entered into voluntarily and knowingly pursuant to a plea agreement, precluded the defendant from attempting to attack his sentence in a

collateral proceeding through a claim of ineffective assistance of counsel during sentencing). Similarly, a waiver of collateral review has also been approved by the Eleventh Circuit so long as the United States demonstrates that the waiver was made knowingly, intelligently, and voluntarily. *Allen v. Thomas,* 161 F.3d 667 (11th Cir. 1998); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The Eleventh Circuit views a waiver as a contract between the Government and a criminal defendant. It has stated:

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. *See United States v. Bushert,* 997 F.2d 1343, 1350 (11th Cir. 1993). In this case, [the appellant's] waiver was clearly knowing and voluntary – he was specifically questioned by the district court regarding the waiver of his right to appeal. *See United States v. Buchanan,* 131 F.3d 1005, 1008 (11th Cir. 1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

*United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999).

The present record demonstrates that the defendant's assent to the terms of his plea agreement, including his waiver of the right to seek relief in a § 2255 motion, was knowingly, intelligently, and voluntarily made. The Court specifically informed the defendant that the waiver in his agreement was enforceable, and that the Eleventh Circuit was the appropriate forum for any challenge to the enforceability of the waiver. Additionally, the record demonstrates that the defendant had the ability to understand his decision to waive these rights. Accordingly, the defendant's motion is barred from further review by this Court.

## CONCLUSION

Premised on the foregoing, the defendant's motion to vacate is due to be dismissed with prejudice. An appropriate order denying this motion will be entered contemporaneously herewith.

Done this 20th day of November 2007.

                                         L. SCOTT COOGLER
                              UNITED STATES DISTRICT JUDGE
                                                     124153